**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KNOLL, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ARTHUR GORDON ASSOCIATES d/b/a<br>GORDON INTERNATIONAL<br><br>*Defendant.* | Civil Action No.  04 CV 8800 (DC)<br>ECF CASE<br><br>**COMPLAINT FOR TRADEMARK<br>INFRINGEMENT AND RELATED<br>CAUSES** |

Plaintiff, by its attorneys, for its Complaint against the defendant, alleges:

## JURISDICTION AND VENUE

1.  This is an action for violation of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; for violation of Section 360-l of the New York General Business Law; and for violation of the common law of the State of New York pertaining to unfair competition.

2.  This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3.  Plaintiff Knoll, Inc. ("Knoll") is a corporation organized and existing under the laws of the State of Delaware, maintaining a place of business at 76 Ninth Avenue, New York, New York.

4.  Knoll is a leading designer and manufacturer of branded furniture.

5.  Knoll believes that good design is good business.  Indeed, since its founding in 1938, Knoll has been recognized as a design leader worldwide.

6.  Knoll products are exhibited in major art museums worldwide, with more than 30 Knoll pieces in the permanent Design Collection of The Museum of Modern Art in New York, New York.

7.  Upon information and belief, defendant Arthur Gordon Associates d/b/a Gordon International ("Gordon International") is a corporation organized and existing under the laws of the State of New York, maintaining a place of business at 200 Lexington Avenue, New York, New York 10016.

8.  Upon information and belief, defendant Gordon International conducts its business over the internet and at its aforementioned place of business.

9.  Defendant Gordon International transacts business within this district, derives revenue from intrastate and interstate commerce, and has committed tortious acts within this district and also without this district having consequences within this district, and defendant is otherwise within the jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

### LUDWIG MIES VAN DER ROHE

10.  Ludwig Mies van der Rohe ("Mies van der Rohe") was a world-famous architect and one of the most influential architects of the twentieth century.

11.  Mies van der Rohe was the director of the Bauhaus school of design from 1930 to 1933, and moved to the United States in 1937 to continue his architectural activities.

12.  Among Mies van der Rohe's more well-known architectural works are the Seagram Building in New York City; the Lakeshore Drive Apartments in Chicago, Illinois; the German Pavilion for the 1929 Barcelona International Exhibition; and the

2

Tugendhat House, in Brno, Czech Republic.

## THE GERMAN PAVILION

13.  In 1928, Mies van der Rohe was asked to design the German pavilion for the 1929 Barcelona International Exhibition.  The result was one of Mies van der Rohe's most well-known architectural designs.

### A.  The Barcelona Chair

14.  In addition to designing the German Pavilion, Mies van der Rohe also designed the furniture featured inside the pavilion.  He designed a chair in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this chair as the "Barcelona Chair".

### B.  The Barcelona Stool

15.  Along with the "Barcelona Chair", Mies van der Rohe also designed an ottoman for the German Pavilion in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this ottoman as the "Barcelona Stool".

### C.  The Barcelona Couch

16.  In 1930, Mies van der Rohe designed a couch or daybed that later gained fame when he featured it in the Farnsworth House, which he designed in 1948 for Dr. Edith Farnsworth.  The couch was in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this couch as the "Barcelona Couch".

### THE TUGENDHAT HOUSE

17.  In 1928, Mies van der Rohe was commissioned to design a home for

4

Grete and Fritz Tugendhat.  The resulting Tugendhat House in Brno, Czech Republic is one of Mies van der Rohe's most well-known architectural designs.

A.  The Flat Brno Chair

18.  In addition to designing the Tugendhat House, Mies van der Rohe also designed much of the furniture used to furnish the Tugendhat House.  He designed for the Tugendhat House a chair in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this chair as the "Flat Brno Chair".

B.  The Barcelona Table

19.  Along with the "Flat Brno Chair", Mies van der Rohe also designed a table for the Tugendhat House in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this table as the

"Barcelona Table" or the "Tugendhat Table".

## KNOLL AND ITS RIGHTS IN THE BARCELONA COLLECTION

20.  By an agreement dating from November 1, 1965, Mies van der Rohe assigned all rights, title and interest in and to the design of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair (hereinafter collectively referred to as the "Barcelona Collection") to predecessors of Knoll as to the rights herein involved .

21.  Knoll and its predecessors in interest as to the rights herein involved have been continuously manufacturing, displaying, promoting and selling the Barcelona Collection since at least as early as January 1, 1954.

22.  The various furniture items in the Barcelona Collection have been the subjects of third party commentary in numerous books, newspaper articles and magazine articles, virtually all of which identify Knoll or its predecessors in interest as to the rights herein involved as the source of these items.

23.  The various furniture items in the Barcelona Collection are in the collections of numerous museums featuring design around the world, and have been featured in a number of museum exhibitions.

24.  The Barcelona Collection is in the Museum of Modern Art's design collection.  Some of these pieces have there since the 1950s.  The Museum of Modern Art, as well as other museums, always identify Mies van der Rohe as the designer of the Barcelona Collection, and Knoll as the source and manufacturer of these items.

25.  Knoll markets and sells the Barcelona Collection throughout the United States and internationally.  In connection with these efforts, Knoll maintains an internet website at http://www.knoll.com, which contains information about Knoll's

furniture products.  Knoll also issues advertising and promotional material relating to the Barcelona Collection, and has done so for many years.

26.  As a result of all of the foregoing sales, manufacturing and promotional efforts, the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair have come to be associated with Knoll as their source.

### KNOLL'S TRADEMARK REGISTRATIONS

27.  On or about October 12, 2004, the Barcelona Chair was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Chair, No. 2,893,025, remains in full force and effect.  A copy of this registration is attached as Exhibit A.

28.  On or about October 19, 2004, the Barcelona Stool was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Stool, No. 2,894,977, remains in full force and effect.  A copy of this registration is attached as Exhibit B.

29.  On or about October 19, 2004, the Barcelona Couch was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Couch, No. 2,894,980, remains in full force and effect.  A copy of this registration is attached as Exhibit C.

30.  On or about October 19, 2004, the Barcelona Table was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Table, No. 2,894,979, remains in full force and effect.  A copy of this registration is attached as Exhibit D.

31.  On or about October 19, 2004, the Flat Brno Chair was registered as

a trademark with the United States Patent and Trademark Office.  Knoll's registration for

the Flat Brno Chair, No. 2,894,980, remains in full force and effect.  A copy of this

registration is attached as Exhibit E.

## GORDON INTERNATIONAL

32.  Upon information and belief, defendant Gordon International is a

marketer and retailer of furniture and related products, much of it embodying "modern

design".

33.  Defendant, Gordon International, through its website at

www.gordoninternational.com, advertises, promotes and offers for sale furniture

products in the form of the designs that are the subjects of Knoll's aforementioned

trademark registrations, as well as furniture products that are derived from the designs

that are the subjects of Knoll's aforementioned trademark registrations.

34.  Defendant Gordon International has sold and continues to sell

products in the form of the designs that are the subjects of Knoll's aforementioned

trademark registrations, as well as furniture products that are derived from the designs

that are the subjects of Knoll's aforementioned trademark registrations, in New York and

throughout the United States.

## COUNT I [TRADEMARK INFRINGEMENT]

35.   Plaintiff repeats and realleges each allegation in paragraphs 1-34 as

if set forth in full herein.

36.  Plaintiff has never authorized defendant to sell reproductions of the

Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table or the

Flat Brno Chair.

37.  Upon information and belief, defendant's acts have been done willfully

and intentionally, with full knowledge of plaintiff's trademark rights.

38.   Knoll has given defendant due notice of plaintiff's rights, and on information and belief, defendant has failed to cease their infringing acts.  Defendant's continuation of their infringing acts have and will cause plaintiff irreparable harm and injury.

39.   Defendant has improperly sold goods in the form of the designs that are the subject of Knoll's trademark registrations with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate the valuable trademark rights of plaintiff.

40.   Defendant's said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.   Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of defendant in an amount thus far not determined.

**COUNT II [FALSE DESIGNATION OF ORIGIN]**

42.   Plaintiff repeats and realleges each allegation in paragraphs 1-41 as if set forth in full herein.

43.   Defendant, in its catalogs and on its website, presents its unauthorized copies of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair in connection with text describing the context in which Mies van der Rohe created these designs, creating the impression that the products offered for sale by defendant are authentic.

44.   Defendant's efforts to misrepresent themselves as a legitimate source

of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table

or the Flat Brno Chair takes control of the reputation and goodwill of the designs for

those items away from Knoll, which owns and is responsible for the goodwill of those

designs in the United States.

45.  Defendant has improperly sold goods in the form of the designs that

are the subject of Knoll's aforementioned trademark registrations with the intent to

cause confusion and mistake, to deceive and mislead architects, the furniture trade and

the purchasing public and to improperly appropriate the valuable trademark rights of

plaintiff.

46.  Defendant's said acts violate Section 43 (a) of the Lanham Act, 15

U.S.C. § 1125 (a).

47.  Plaintiff has no adequate remedy at law, and is suffering irreparable

harm and damages as a result of the wrongful acts of defendant in an amount thus far

not determined.

## COUNT III [COMMON LAW UNFAIR COMPETITION]

48.  Plaintiff repeats each allegation in paragraphs 1-47 as if set forth in

full herein.

49.  As a result of defendant's improper sale of furniture in the form of the

designs that are the subject of Knoll's trademark registrations, architects, the furniture

trade and the purchasing public are likely to buy defendant's products in the erroneous

belief that they are authorized reproductions of Knoll's trademarked designs.

50.  Upon information and belief, defendant have intentionally

misappropriated the designs that are the subject of Knoll's trademark registrations with

the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from plaintiff's goodwill at plaintiff's expense.

51.  As a result of the foregoing, defendant's actions constitute unfair competition which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

52.  Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of defendant in an amount thus far not determined.

### COUNT IV [INJURY TO BUSINESS REPUTATION AND DILUTION]

53.     Plaintiff repeats and realleges each allegation of paragraphs 1-52 hereof, as if fully set forth herein.

54.     By reason of the practices and acts set forth above, defendant is likely to injure Knoll's business reputation and dilute the distinctive quality of plaintiff's marks, in violation of Section 360-l of the New York General Business Law.

55.     These acts of defendant are without the permission, license or consent of plaintiff and, unless enjoined by this Court, defendant will continue these practices and acts, thereby harming plaintiff's business reputation and causing plaintiff immediate and irreparable injury.

56.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of defendant in an amount thus far not determined.

WHEREFORE, plaintiff demands:

11

A.      An injunction permanently enjoining and restraining defendant, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, assigns, and all persons in active concert or participation with them:

1.      From importing, marketing, or selling furniture in the form of the designs that are the subject of Knoll's trademark registrations;

2.      From importing, marketing, or selling furniture that is derived from the designs that are the subject of Knoll's trademark registrations;

3.      From passing off or otherwise representing to architects, the furniture trade or public in any way that any product sold by defendant emanates from, is related in source or sponsorship to, or is in any way related to plaintiff;

4.      From injuring plaintiff's business reputation by diluting the distinctive quality of plaintiff's products; and

5.      From engaging in deceptive trade practices or acts in the conduct of defendant's business by means of selling products embodying Knoll's trademarked designs;

C.  Directing defendant to deliver to plaintiff or to destroy all furniture in its possession that is in the form of the designs that are the subject of Knoll's trademark registrations;

D.  Directing defendant to immediately recall and destroy all of its catalogs showing, advertising or promoting furniture that is in the form of the designs that are the subject of Knoll's trademark registrations;

E.  Directing defendant to remove all references to or images of furniture

12

that are in the form of the designs that are the subject of Knoll's trademark registrations from defendant's internet website;

       F.  Directing defendant to account to plaintiff for all profits resulting from defendant's infringing activities;

       G.  Awarding plaintiff its damages from defendant's wrongful acts;

       H.  Awarding plaintiff three times the amount of plaintiff's damages or defendant's profits, whichever is greater.

       I.  Awarding plaintiff the cost of this action, as well as reasonable attorneys' fees.

       J.  Awarding plaintiff punitive damages as a result of defendant's wrongful acts; and

       K.  Awarding plaintiff such other and further relief as the Court may deem just and proper.


       GOTTLIEB, RACKMAN & REISMAN, P.C.
       Attorneys for Plaintiff
       George Gottlieb
       Marc P. Misthal
       270 Madison Avenue
       New York, New York  10016
       (212) 684-3900
       ggottlieb@grr.com
       mmisthal@grr.com


       By: _____s/ Marc P. Misthal /_____
       George Gottlieb (GG-5761)
       Marc P. Misthal (MM-6636)

Dated: November 5, 2004
     New York, New York

EXHIBIT A

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

## United States Patent and Trademark Office

Reg. No. 2,893,025
Registered Oct. 12, 2004

## TRADEMARK
### PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

FOR: CHAIRS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

THE MARK CONSISTS OF A CONFIGURATION OF A CHAIR WITH A METAL FRAME AND LEATHER CUSHIONS.

SEC. 2(F).

SER. NO. 76-556,817, FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

EXHIBIT B

**Int. Cl.: 20**

**Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50**

## United States Patent and Trademark Office

**Reg. No. 2,894,977**
Registered Oct. 19, 2004

### TRADEMARK
### PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

   FOR: STOOLS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

   FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

   THE MARK CONSISTS OF A CONFIGURATION OF A STOOL WITH A METAL FRAME SUPPORTING A LEATHER CUSHION.

   SEC. 2(F).

   SER. NO. 76-556,816, FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

EXHIBIT C

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

**Reg. No. 2,894,980**

## United States Patent and Trademark Office

Registered Oct. 19, 2004

## TRADEMARK
### PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

FOR: COUCHES, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

THE MARK CONSISTS OF A CONFIGURATION OF A COUCH WITH A METAL FRAME SUPPORTING A LEATHER CUSHION.

SEC. 2(F).

SER. NO. 76-556,824, FILED 10-22-2003.

THEODORE MCBRIDE, EXAMINING ATTORNEY

EXHIBIT D

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

## United States Patent and Trademark Office

**Reg. No. 2,894,979**
Registered Oct. 19, 2004

## TRADEMARK
## PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

FOR: TABLES, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

THE MARK CONSISTS OF A CONFIGURATION OF A TABLE WITH A METAL BASE AND A GLASS TOP.

SEC. 2(F).

SER. NO. 76-556,821, FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

EXHIBIT E

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

## United States Patent and Trademark Office

**Reg. No. 2,894,978**
Registered Oct. 19, 2004

## TRADEMARK
### PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

   FOR: CHAIRS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

   FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

   THE MARK CONSISTS OF A CONFIGURATION OF A CHAIR WITH A FLAT METAL FRAME SUPPORTING A CUSHION.

   SEC. 2(F).

   SER. NO. 76-556,819, FILED 10-22-2003.

   JAMES A. RAUEN, EXAMINING ATTORNEY